## Case No. 565.

### ARTHUR v. NEW ENGLAND MUT. LIFE INS. CO.

[7 Reporter, 329; 6 Wkly. Notes Cas. 403.]

Circuit Court, E. D. Pennsylvania. Jan. 25, 1879.

REMOVAL OF CAUSES — RECORD — FILING BY ADVERSE PARTY—ACT MARCH 3, 1875.

[1. The filing of the petition of removal and bond, as provided in Act March 3, 1875, § 3, (18 Stat. 471,) ipso facto deprives the state court of jurisdiction, and from that time the case is in the federal court. Taylor v. Rockefeller, Case No. 13,802, followed.]

[2. Under Act March 3, 1875, § 3, (18 Stat. 471,) a copy of the record in the state court may be filed before the first day of the "then next session" of the federal circuit court; and, if the party removing the cause fails to file a copy before that time, his opponent may do so.]

[At law. Action of debt on a policy of life insurance in the court of common pleas No. 4, Philadelphia county, Pa., by Arthur's administrators against the New England Mutual Life Insurance Company. The defendant removed the cause to this court. Heard on defendant's motion to extend the time of pleading, or to strike from the record the copy of the record in the state court which has been filed by plaintiffs. Motion denied.

[The summons in this case was returnable in the state court on the first Monday in August, 1878. The defendant's petition and bond for the removal of the cause to the federal circuit court was filed in due form October 16, 1878, before any pleadings had been filed. In accordance with Act March 3, 1875, § 3, (18 Stat. 471,) the bond was conditioned for the defendant's "entering in such circuit court, on the first day of its then next session, a copy of the record in such suit." The then next session of the circuit

2FED.CAS.—1

court was that beginning on the first Monday in April, 1879. As the defendant took no further steps, the plaintiffs filed a copy of the record in the state court; then filed their declaration, and took a rule to plead.]

S. C. Perkins, for the motion.

[The act provides for a filing of a copy of the record by the party petitioning for removal, and his opponent should not be allowed to succeed to the petitioner's rights. The plaintiffs might have brought the case originally here, and by so doing they could have avoided all delay. But they have first brought the action in the state court, and now seek to deprive the defendant of its right, viz. to delay the filing of the record until the time fixed in the act,—"the first day of the then next session," which in this case is the first Monday in April, 1879.]

McKENNAN, Circuit Judge, here said that to file on the first day means on or before. Defendant would not contend that he had no right to file the copy of the record and rule the plaintiffs to declare before the day named in the act. The language of the statute meant merely to impose a limit of time within which the copy of the record must be filed, not to forbid speedier action.

[S. C. Perkins, continuing, said: The act was intended to give the petitioner for removal the option to file on or before the day named. It was intended for his benefit. The judiciary act of 1789, § 12, (1 Stat. 79,) uses the same language; yet no case can be found in which the nonpetitioning party attempted to file the copy of the record. The intention of the act of 1789, and that of 1875, was that the cause should be begun anew in the federal circuit court. The established usage under the statute is proof of its meaning. The argument of inconven-

ience should not be allowed to prevail over the words of the statute. Plaintiffs could not sue defendant on its bond if it filed a copy on the first Monday of next April, and this proves its right to delay the filing until that time.]

[A. Sidney Biddle, (and with him William Darlington,) against the motion. As soon as the petition and bond have been rightly filed, the state court loses jurisdiction, and any further proceedings by it are void. Taylor v. Rockefeller, Case No. 13,802. Where, then, is the cause from that time, if not in this court? If here, then the nonpetitioning party can perform the ministerial act of filing a copy of the record which enables this court to deal with the cause. Otherwise in the case of a motion for a preliminary injunction, or for a receiver in the state court, a respondent could delay the cause six months by filing his petition and bond, and refusing to file a copy of the record,—a construction which would make the act destructive of the most important rights.]

McKENNAN, Circuit Judge, (orally.) No statute is to be read in the way contended for by the defendant's counsel. Such a contention could only be supported by the most unambiguous enactment, and I fail to find anything of the sort in the act of congress in question. It never could have been intended by the national legislature to destroy the parties' rights by an act which professedly extended their right of litigation in this court; and the illustration used in argument shows how completely the complainant in any suit would be at the mercy of his opponent if such were to be its construction. We recently decided in Taylor v. Rockefeller, [Case No. 13,802,] that the state court ceased to have jurisdiction upon the proper filing of the petition and bond in cases where the act of congress gave jurisdiction in the cause to the court. The result is, that the cause from that time is, in theory, in this court, and the only question is, whether, where the party who has the right neglects to file the copy to the detriment of the other party, the latter cannot do it for him. I have no doubt that he can, and therefore the motion must be denied. Motion denied.